**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| CHASE LAMB,<br>*on behalf of himself and*<br>*others similarly situated*,<br><br>          Plaintiff,<br><br>v.<br><br>MORTGAGE ONE FUNDING, LLC<br><br>          Defendant. | Civil Action No.:<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

**Nature of this Action**

1.  Chase Lamb ("Plaintiff") brings this class action against Mortgage One Funding, LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.  Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by calling Plaintiff whose telephone number is registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**Jurisdiction and Venue**

3.  This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5.  In particular, Plaintiff resides in this district and Defendant made the subject calls to Plaintiff from this district.

## Parties

6. Plaintiff is a natural person.

7. Defendant is a limited liability company headquartered in Troy, Oakland County, Michigan.

## The Telephone Consumer Protection Act

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

12. Plaintiff is, and has been for many years, the subscriber of cellular telephone number— (856) XXX-0151.

13. The telephone number was used as a personal residential telephone number.

14. Plaintiff uses his cell phone number for personal use only as one would use a landline telephone number in a home.

15. Plaintiff uses his cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

16. Plaintiff does not have a landline in his home.

17. Plaintiff does not have any other telephone numbers.

18. Plaintiff personally pays for his Verizon cell phone plan, and is not reimbursed by a business.

19. Plaintiff has never had his cell phone number associated with a business.

20. Plaintiff has never used his cell phone number in any business or marketing materials.

21. Plaintiff's telephone number has been registered with the National Do Not Call Registry since June 12, 2023.

22. Despite this, Defendant received at least four calls and one text message from Defendant from September 3 to September 17, 2025.

23. The calls were made for the purpose of advertising and marketing Defendant's refinancing and debt consolidation services.

24. During the calls Defendant's agents identified themselves as calling from Mortgage One Funding.

25. On one of the calls on September 12, 2025, Plaintiff spoke with agent Jacob.

26. Jacob advertised Defendant's products and services.

27. Subsequent to the call, Plaintiff received a text message from Defendant that stated, "Jacob from Mortgage One Funding."

3

28. Defendant delivered, or caused to be delivered, the subject calls to telephone number (856) XXX-0151 thirty-one or more days after the number was registered with the DNC Registry.

29. The purpose of the subject calls was to advertise and market Defendant's business or services.

30. Plaintiff did not give Defendant prior express consent or permission to call telephone number (856) XXX-0151.

31. Plaintiff did not request information or promotional materials from Defendant.

32. The calls were made to Plaintiff well over thirty-one days prior to Plaintiff's number being on the National Do Not Call Registry.

33. Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

34. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (856) 562- 0151 was registered with the DNC Registry.

**Class Action Allegations**

35. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

36. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in

4

which Defendant has or had a controlling interest.

37. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

38. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

39. The class is ascertainable because it is defined by reference to objective criteria.

40. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

41. Plaintiff's claims are typical of the claims of the members of the class.

42. As it did for all members of the class, Defendant made solicitation calls to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

43. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

44. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

45. Plaintiff suffered the same injuries as the members of the class.

46. Plaintiff will fairly and adequately protect the interests of the members of the class.

47. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

48. Plaintiff will vigorously pursue the claims of the members of the class.

49. Plaintiff has retained counsel experienced and competent in class action litigation.

50. Plaintiff's counsel will vigorously pursue this matter.

51. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

52. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

53. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to making advertisement and telemarketing calls;

   b. Defendant's practice of making solicitation calls to telephone numbers already registered on the DNC Registry for more than thirty-one days;

   c. Defendant's violations of the TCPA; and

   d. The availability of statutory penalties.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

55. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

56. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

57. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

58. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

59. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

60. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

61. There will be no extraordinary difficulty in the management of this action as a class action.

62. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

63. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

64. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

65. Defendant's violations were negligent, willful, or knowing.

66. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

67. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including making telemarketing and solicitation calls to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: February 9, 2026      PLAINTIFF, on behalf of himself
                             and others similarly situated,


                             */s/ Anthony I. Paronich*
                             Anthony I. Paronich
                             Paronich Law, P.C.
                             350 Lincoln Street, Suite 2400
                             Hingham, MA 02043
                             (508) 221-1510
                             anthony@paronichlaw.com