**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| CHASE LAMB, | ) | |
| *on behalf of himself and others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:26-cv-10450 |
| | ) | |
| v. | ) | |
| | ) | |
| MORTGAGE ONE FUNDING, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION AND BRIEF TO DISMISS THE COMPLAINT**

Defendant Mortgage One Funding, LLC ("Mortgage One"), by and through its counsel,

hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's

Complaint. In support of its motion, Mortgage One states as follows:

**INTRODUCTION**

1. Plaintiff brings a single-count putative class action under the TCPA's National Do-Not-
   Call ("DNC") provisions, alleging that Defendant placed "at least four calls and one text
   message" to Plaintiff's cellular telephone number.

2. The Complaint fails to plausibly allege a TCPA violation. It does not plead facts showing
   that more than one of the alleged contacts qualifies as an actionable "telephone
   solicitation," does not plead facts establishing that Defendant made the calls, and relies on
   conclusory assertions regarding consent and intent.

3. Instead, Plaintiff aggregates multiple alleged contacts—without describing their substance
   or legal significance—and labels them unlawful. That is insufficient under *Twombly* and
   *Iqbal*.

4. Because Plaintiff fails to plead the statutory prerequisites of a DNC claim, the Complaint should be dismissed.

5. Pursuant to Local Rule 7.1(a), Defendant sought concurrence prior to filing this motion, but concurrence was not obtained.

## BACKGROUND

Plaintiff alleges that his cellular telephone number has been listed on the National Do Not Call Registry since June 12, 2023. Complaint ¶21. Plaintiff further alleges that between September 3 and September 17, 2025, he received "at least four calls and one text message" from Defendant. *Id*. ¶22. The Complaint alleges, in conclusory fashion, that these communications were "for the purpose of advertising and marketing Defendant's refinancing and debt consolidation services." *Id*. ¶22.

Plaintiff identifies only one specific interaction—an alleged conversation on September 12, 2025 with an individual named "Jacob"—and a follow-up text message stating "Jacob from Mortgage One Funding." *Id*. ¶¶25, 27. Beyond these allegations, the Complaint provides no detail regarding the content of the remaining calls, the phone numbers used, or any facts plausibly connecting those communications to Defendant.

## ARGUMENT

### A.  Legal Standard for Dismissal

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Additionally, a court need not accept as true any conclusory legal allegations that do not include specific facts necessary to establish the cause of action. *Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *3 (E.D. Mich. Sept. 17, 2025) (citation omitted); *Iqbal*, 556 U.S. at 678-79.

**B. Plaintiff Fails to State a Plausible TCPA Claim Against Mortgage One**

The Complaint fails the most basic pleading standards by relying on conclusory assertions rather than factual allegations establishing the elements of a DNC claim. The TCPA provides a private right of action only where a plaintiff receives "more than one telephone call within any 12-month period" in violation of the Do-Not-Call regulations. 47 U.S.C. § 227(c)(5).

1. Plaintiff Fails to Allege More Than One Actionable Telephone Solicitation

A "telephone solicitation" is defined as a call made for the purpose of encouraging the purchase of goods or services. 47 C.F.R. § 64.1200(f)(15).

Here, Plaintiff alleges only that the calls were made "for the purpose of advertising and marketing." That is a conclusory label—not a factual allegation. The Complaint provides no meaningful detail regarding the substance of the calls, any alleged marketing statements, or facts allowing the Court to reasonably infer that each call encouraged the purchase of goods or services. Such conclusory pleading fails under *Twombly* and *Iqbal*. *See Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *8 (E.D. Mich. Sept. 17, 2025) ("These generalized and conclusory allegations fail to state what exactly [defendant] did; without more specific facts, the allegations do not meet even the low threshold necessary to survive a motion to dismiss.").

Plaintiff alleges multiple contacts but does not plead facts showing that more than one qualifies as an actionable "telephone solicitation," as opposed to non-actionable communications. The only allegation approaching factual detail is the September 12, 2025 call, where Plaintiff alleges that "Jacob advertised Defendant's products and services." Complaint ¶ 26. That single allegation is insufficient to establish the statutory requirement of more than one violative call. *See Dobronski v. Family First Life, LLC*, No. 22-cv-12039, 2024 WL 1342668, at *14 (E.D. Mich. Mar. 29, 2024) (dismissing where plaintiff failed to plausibly allege more than one qualifying call).

As to the one text message alleged, Plaintiff pleads no facts showing that the text message constitutes a "telephone call" under the statute or otherwise satisfies the statutory requirement. Neither does Plaintiff allege sufficient facts that bring the text message stating "Jacob from Mortgage One Funding" is a "telephone solicitation."

2.   Plaintiff Fails to Plausibly Allege That Defendant Made the Calls

Plaintiff asserts that Defendant "made" or "caused" the calls but pleads no facts supporting that conclusion. The Complaint does not identify: the phone numbers Defendant used to place the calls; any technical or operational facts linking the calls to Defendant; or any basis for concluding that the calls were placed by Defendant rather than a third party. The bare allegation that "during the calls Defendant's agents identified themselves as calling from Mortgage One Funding," Complaint ¶24, is insufficient, standing alone, to plausibly establish liability. *Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *9 (E.D. Mich. Sept. 17, 2025) ("Plaintiff has not alleged any fact that "allows the court to draw the reasonable inference that," *Iqbal*, 556 U.S. at 678 (citation omitted), [a defendant] made a call to Plaintiff."). Without factual allegations tying the calls to Defendant, the claim fails.

3.   Plaintiff's Allegation of "No Consent" Is Conclusory

4

Plaintiff alleges that he "did not give prior express consent or permission" and "did not request information." Complaint ¶¶25-26. These are conclusory statements unsupported by factual allegations. At the same time, Plaintiff alleges that he engaged in a conversation with an individual purportedly acting on Defendant's behalf, who was allegedly advertising Defendant's services. Complaint ¶¶25-26. While Defendant does not seek to resolve factual disputes at this stage, these allegations underscore that Plaintiff's "no consent" assertion is a bare legal conclusion insufficient under *Iqbal*. *Iqbal*, 556 U.S. at 678 (courts need not accept conclusory allegations as true).

    4.  <u>Plaintiff Fails to Plausibly Allege Willful or Knowing Conduct</u>

Plaintiff seeks treble damages but alleges only that Defendant's conduct was "negligent, willful, or knowing." Complaint ¶65. This is a boilerplate recitation of the statutory standard.[1] The Complaint contains no factual allegations suggesting that Defendant knew Plaintiff's number was on the DNC Registry or acted with the intent required for enhanced damages.[2] *Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016) (dismissing willfulness claim where plaintiff failed to allege sufficient facts showing defendant knew or should have known the calls were unauthorized). Accordingly, Plaintiff's claim for treble damages should be dismissed.

**C. The Class Allegations Should Be Dismissed or Stricken**

Plaintiff's class allegations fail because he does not plausibly allege that he satisfies the requirements of the class he seeks to represent. The proposed class is limited to individuals who received "more than one telephone solicitation call" within a 12-month period, Complaint ¶35, yet

---

[1] Negligence is not required for treble damages under the TCPA's National Do-Not-Call provisions.
[2] Apart from this conclusory and speculative statement: "Upon information and good faith belief, Defendant knew, or should have known, that telephone number (856) 562- 0151 was registered with the DNC Registry." Complaint ¶34.

Plaintiff does not plausibly allege that he himself received more than one actionable telephone solicitation. Because Plaintiff falls outside the class definition he proposes, he cannot represent the putative class as a matter of law.

The class allegations independently fail because they are entirely conclusory. Plaintiff asserts, "upon information and belief," that class members can be identified through unspecified records or "objective criteria," but pleads no facts showing that Defendant engaged in uniform conduct capable of generating such a class. This is insufficient under *Twombly* and *Iqbal*.

## CONCLUSION

The Complaint fails to state a plausible claim under TCPA. Plaintiff does not allege facts showing more than one actionable telephone solicitation, does not plausibly allege that Defendant made the calls, and relies on conclusory assertions throughout. Mortgage One respectfully requests that the Court dismiss the Complaint in its entirety or alternatively dismiss Plaintiff's claim for treble damages and strike the class allegations.

Date: April 13, 2026

Respectfully submitted,
**MORTGAGE ONE FUNDING LLC**

By:   */s/ Nathan H. Lichtenstein*
Nathan H. Lichtenstein (IL Bar #1655469)
Khoa D. Trinh (IL Bar #6351044)
ARONBERG GOLDGEHN
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

By:   */s/ James J. Sarconi*
James J. Sarconi (P66101)
SMITH & SARCONI PLC
13900 Lakeside Circle, Suite 203
Sterling Heights MI 48313
(586) 884-5420
jsarconi@s2attorneys.com

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the date below I caused a copy of the foregoing motion, along with all supporting papers, to be filed with the Court's CM/ECF system, which will serve copies on all counsel of record.

Dated: April 13, 2026                                  Respectfully Submitted,

<u>/s/ Khoa Trinh</u>
Aronberg Goldgehn

7