UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| CHASE LAMB, *on behalf of himself and others similarly situated,* | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:26-cv-10450 |
| v. | ) ) ) | |
| MORTGAGE ONE FUNDING, LLC | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

Defendant Mortgage One Funding, LLC ("Mortgage One"), by and through

its counsel, submits this Reply in support of its Motion to Dismiss (the "Motion").

**INTRODUCTION**

Plaintiff's Opposition does not cure the pleading defects identified in

Defendant's Motion. Instead, it repeats the same conclusory allegations, reframes

legal deficiencies as factual disputes, and relies on expansive authority addressing

issues not presented here. At this stage, Plaintiff must plead facts, not labels,

sufficient to state a plausible claim.

The Opposition still identifies only one alleged contact with any factual

content and provides no basis to infer that any additional contact qualifies as a

"telephone solicitation" under the statute. It likewise fails to allege facts plausibly

tying any of the calls to Mortgage One. These are not factual disputes—they are

pleading failures. For these reasons, dismissal is warranted. At a minimum, the Court should dismiss Plaintiff's claim for treble damages and strike the class allegations.

## ARGUMENT

### A. The Opposition Does Not Cure the Failure to Allege More Than One Actionable Solicitation

Plaintiff does not dispute that the TCPA requires more than one qualifying "telephone solicitation." Instead, he repeats that there were "at least four calls and one text message." Dkt. 14 at 2. That is not responsive to Defendant's argument. The statute requires more than one qualifying "telephone solicitation," not merely multiple alleged contacts. Plaintiff's attempt to aggregate unspecified communications does not satisfy that requirement.

Plaintiff likewise pleads the statutory elements in conclusory fashion, without factual allegations supporting that more than one qualifying solicitation occurred within the relevant period. As set forth in the Motion, Plaintiff provides factual content for only one alleged call. Plaintiff still does not address the remaining contacts: what was said, whether they encouraged the purchase of goods or services, or why they independently qualify as solicitations. Re-labeling those contacts as "marketing" does not make them so. A bare assertion that calls were made "for marketing purposes" is a legal conclusion, not a factual allegation supporting a plausible inference that each call encouraged the purchase of goods or services.

2

Plaintiff's authorities do not cure this defect. Plaintiff's reliance on *Chapman v. Nat'l Health Plans & Benefits Agency, LLC*, 619 F. Supp. 3d 788 (E.D. Mich. 2022), is misplaced. In *Chapman*, the court permitted an inference that multiple calls were solicitations not simply because one call was described, but because the complaint included additional, specific facts linking the calls together—namely, that all calls originated from the same phone number and that other individuals had reported receiving similar calls from that same caller ID for the same purpose. Those allegations provided an independent factual basis to infer that the remaining calls shared the same telemarketing character.

Here, no such linking facts are alleged. Plaintiff does not identify any phone number associated with Mortgage One, does not allege a common caller ID, and pleads no facts tying the alleged calls together beyond conclusory labels. Absent those corroborating allegations, the inference permitted in *Chapman* does not apply, and Plaintiff cannot rely on a single described call to transform otherwise unspecified contacts into multiple actionable "telephone solicitations."

Plaintiff's extended discussion of whether a text message may constitute a "call" is beside the point. Even assuming a text message is a call for purposes of the TCPA, which remains a jurisdictionally divided topic—*compare Stockdale v. Skymount Prop. Grp., LLC*, No. 1:25-cv-1282, 2026 WL 591842 (N.D. Ohio Mar. 3, 2026) ("text messages were not telephone solicitations"), with *Jones v. Blackstone*

*Med. Servs., LLC*, 2025 WL 2042764 (C.D. Ill. July 21, 2025), Plaintiff pleads no facts showing that the alleged text message qualifies as a "telephone solicitation." It therefore cannot satisfy the statutory requirement.

Even accepting Plaintiff's legal propositions, the Opposition does not supply the factual allegations necessary to state a claim. That omission is dispositive.

### B. Plaintiff Still Fails to Plausibly Allege That Defendant Made the Calls

Plaintiff's claim independently fails because he does not plausibly allege that Mortgage One made, or is legally responsible for, the alleged calls. The Complaint contains no factual allegations identifying any phone number used by Mortgage One, any calling platform or vendor, or any facts linking the alleged calls to Defendant. Instead, Plaintiff relies solely on the assertion that "Defendant [sic] received at least four calls and one text message from Defendant" and that the "agents identified themselves as calling from Mortgage One." Complaint ¶¶ 22, 24. These are conclusory allegations, not factual bases for liability. *See Iqbal*, 556 U.S. at 678.

The Opposition does not cure this defect. It adds no clarification to the factual allegations and continues to rely on self-identification alone. But as Defendant explained in its Motion, courts do not accept such conclusory assertions where the complaint fails to allege facts supporting a plausible inference of liability. *Id.*

This District has rejected similar attempts to attribute calls to a defendant based on generalized allegations. In *Dobronski v. Juliasangel Mktg., LLC*, 2025 WL

2659265, at *8–9 (E.D. Mich. Sept. 17, 2025), the court dismissed a TCPA claim where the plaintiff failed to allege facts allowing a reasonable inference that the defendant made the calls, emphasizing that conclusory allegations about a defendant's involvement are insufficient.

In short, Plaintiff alleges no facts—only conclusions—connecting Mortgage One to the alleged conduct. That is insufficient under Rule 8. Because Plaintiff fails to plausibly allege that Mortgage One made the calls at issue, the claim should be dismissed on this independent ground.

### C. Plaintiff Does Not Defend His Claim for Treble Damages

The Complaint alleges, "[u]pon information and good faith belief," that Defendant "knew, or should have known" that Plaintiff's number was on the National Do Not Call Registry. Complaint ¶ 34. That is not a factual allegation; it is an unsupported assertion made without any accompanying factual basis. *See Iqbal*, 556 U.S. at 678.

This District requires factual allegations supporting a plausible inference of knowing or willful conduct. See *Duchene v. OnStar, LLC*, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016) (granting dismissal; "the Court holds that a willful or knowing violation of TCPA requires that Plaintiff has to plead that Defendant was made aware of/notified that Plaintiff did not consent to calls from Defendant"). Plaintiff's allegation, untethered to any supporting facts, does not meet that standard.

5

While allegations made "upon information and belief" may be permissible in some circumstances, they must be supported by facts rendering the inference plausible. The Complaint contains no facts regarding Defendant's access to the DNC Registry, its compliance procedures, any prior interaction with Plaintiff, or any other basis from which knowledge could reasonably be inferred. Instead, it repeats the same conclusory assertion and relies on out-of-circuit cases addressing different contexts. Those authorities do not permit a plaintiff to plead willfulness through unsupported speculation. The claim for treble damages should be dismissed.

### D. Plaintiff Cannot Satisfy His Own Class Definition

Plaintiff likewise does not address Defendant's argument that he fails to satisfy the requirements of the class he seeks to represent. Although courts often defer class certification issues, they may resolve them at the pleading stage where the defect is apparent on the face of the complaint. *Nichols v. Accretive Cap. LLC*, No. 23-10473, 2023 WL 7222677, at *4 (E.D. Mich. Nov. 2, 2023).

Plaintiff defines a class limited to individuals who received more than one telephone solicitation, yet he does not plausibly allege receiving more than one himself. Because Plaintiff fails to satisfy the very requirement in his own class definition, he cannot represent the proposed class as a matter of law.

**E. Plaintiff's Remaining Authorities Do Not Address the Issues Presented**

Plaintiff's Opposition includes citations to cases addressing unrelated legal principles, including sovereign immunity, statutory interpretation, and administrative law. Their inclusion underscores the central point: Plaintiff has not identified authority, let alone controlling authority, addressing the specific pleading deficiencies raised in Defendant's Motion.

## **CONCLUSION**

Plaintiff's Opposition does not cure the Complaint's core defects. Because Plaintiff fails to plausibly allege more than one actionable solicitation or facts tying the alleged calls to Defendant, the Complaint should be dismissed. At minimum, the Court should dismiss the claim for treble damages and strike the class allegations.

Date: April 21, 2026                         Respectfully submitted,


MORTGAGE ONE FUNDING LLC

By:   /s/ Nathan H. Lichtenstein          By:   /s/ James J. Sarconi
Nathan H. Lichtenstein (IL Bar #1655469)   James J. Sarconi (P66101)
Khoa D. Trinh (IL Bar #6351044)            SMITH & SARCONI PLC
ARONBERG GOLDGEHN                          13900 Lakeside Circle, Suite 203
225 W. Washington St., Suite 2800          Sterling Heights MI 48313
Chicago, IL 60606                          (586) 884-5420
(312) 755-3177                             jsarconi@s2attorneys.com
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I caused a copy of the foregoing Reply, along with any supporting papers, to be filed with the Court's CM/ECF system, which will serve copies on all counsel of record.

Dated: April 21, 2026                        /s/ Khoa Trinh
                                             Aronberg Goldgehn