**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

CHASE LAMB, *on behalf of himself and others similarly situated,*

Plaintiff,

v.

MORTGAGE ONE FUNDING, LLC

Defendant.

Case No. 2:26-cv-10450

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant submits this supplemental brief to address recent decisions interpreting the scope of the TCPA's private right of action under 47 U.S.C. § 227(c)(5). *See McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) (finding courts must independently interpret the TCPA rather than accord controlling deference to the FCC's statutory interpretation). These decisions provide additional grounds for dismissal of Plaintiff's National Do Not Call claim.

## I. Text Messages Are Not Actionable Telephone Calls Under § 227(c)(5).

Section 227(c)(5) authorizes a private action for a person receiving "more than one telephone call within any 12-month period" in violation of regulations prescribed under § 227(c). Although Congress defined "telephone solicitation" to include calls and messages, 47 U.S.C. § 227(a)(4), it limited the private remedy to

"telephone calls."

On July 14, 2026, the Seventh Circuit held that text messages fall outside that statutory language. *Steidinger v. Blackstone Medical Services*, 182 F.4th 532, 536–39 (7th Cir. 2026). Multiple district courts subsequently adopted the same interpretation. *See Bronstin v. Happy Cabbage Analytics, Inc.*, 2026 WL 3257600 at *4–7 (M.D. Pa. Oct. 29, 2026) (adopting *Steidinger* and dismissing text-based TCPA claims with prejudice); *Card v. R.J. Reynolds Tobacco Holdings, Inc.*, 2026 WL 2673068 at *3 (M.D.N.C. Sept. 3, 2026) (finding *Steidinger* persuasive and holding that text messages are not actionable); *Conrad v. Hart Consumer Products*, 2026 WL 2741623 at *13 (N.D. Ala. Sept. 16, 2026) (adopting *Steidinger*'s interpretation); *Radvansky v. 1st Class Medical*, 2026 WL 2858562 at *3 (D. Colo. Sept. 23, 2026) (adopting *Steidinger's* interpretation); *Brown v. Hursh Group, LLC*, 2026 WL 2906613 (D. Colo. Sept. 28, 2026) (following *Steidinger* and *Radvansky* and dismissing claims premised on text messages).

A district court within the Sixth Circuit independently reached the same conclusion. *Stockdale v. Skymount Property Group, LLC*, 825 F. Supp. 3d 622, at 625–27 (N.D. Ohio 2026) (holding that the statutory term "telephone call" does not encompass text messages). Accordingly, Plaintiff cannot rely on the alleged text message to establish an actionable violation under § 227(c)(5). The same limitation undermines Plaintiff's proposed class definition, which expressly includes persons

receiving text messages alone or in combination with telephone calls. Compl. ¶ 35.

## II. Section 227(c)'s Residential-Subscriber Limitation Does Not Extend to Cellular Telephone Service.

Section 227(c)(1) directs the FCC to protect "residential telephone subscribers' privacy rights." Congress expressly distinguished cellular telephone service from residential telephone lines elsewhere in the TCPA. Compare 47 U.S.C. § 227(b)(1)(A)(iii) with § 227(b)(1)(B). Several recent district courts have adopted the view that § 227(c)'s residential-subscriber protections do not extend to cellular-service subscribers. *Anthony v. Brian Marketing Group*, 2026 WL 2685650 (S.D. Fla. Sept. 11, 2026); *Koeller v. OX AppSec Security, Inc.*, 2026 WL 2935851 (E.D. Mo. Sept. 30, 2026); *Lowrey v. Twilio, Inc.*, 2026 WL 2958730 (W.D. Va. Oct. 1, 2026). The recent decisions therefore provide an additional basis for dismissing Plaintiff's § 227(c)(5) claims to the extent they arise from calls to cellular-service numbers rather than residential telephone lines.

## III. Section 227(c)(5) Does Not Authorize Private Enforcement of the National Do Not Call Regulation.

Section 227(c)(5) creates a private right of action only for violations of regulations "prescribed under this subsection." Congress directed the FCC to complete the rulemaking contemplated by § 227(c) in 1992. 47 U.S.C. § 227(c)(1)–(2). The FCC's original regulations established company-specific do-not-call requirements, but not the National Do Not Call Registry, which was implemented in

2003 pursuant to the separate Do Not Call Implementation Act. In *Internicola v. MortgagePros, LLC*, 2026 WL 3027393, at *3–4 (M.D. Fla. Sept. 24, 2026), the court concluded that § 227(c)(5) does not authorize private enforcement of the subsequently adopted National Do Not Call regulation, 47 C.F.R. § 64.1200(c)(2). Because the private remedy extends only to regulations prescribed under § 227(c), the FCC's later rulemaking cannot expand that remedy beyond Congress's authorization. *See McLaughlin*, 606 U.S. 146. Under *Internicola*'s interpretation, Plaintiff's claim predicated on the National Do Not Call regulation fails independently of whether the alleged communications were telephone calls or text messages. This provides an additional basis for dismissal of the Complaint.

## IV. Conclusion

Defendant respectfully requests that the Court consider these intervening decisions and grant their pending Motion to Dismiss, including on the additional statutory grounds addressed above.

Respectfully submitted on October 30, 2026,
**MORTGAGE ONE FUNDING, LLC**

By: */s/ Nathan H. Lichtenstein*
Nathan H. Lichtenstein (IL Bar #1655469)
Khoa D. Trinh (IL Bar #6351044)
**ARONBERG GOLDGEHN DAVIS & GARMISA**
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

By: */s/ James J. Sarconi*
James J. Sarconi (P66101)
**SMITH & SARCONI PLC**
13900 Lakeside Circle, Suite 203
Sterling Heights MI 48313
(586) 884-5420
jsarconi@s2attorneys.com